DISSENTING OPINION
I respectfully dissent form the majority opinion.
The key to this case is understanding the statutory language of R.C. 1345.73, which provides for the presumption of a reasonable number of attempts to conform a vehicle to the warranty. This statute defines four instances in which one may presume a reasonable number of attempts have occurred.
To understand how to apply the language, one must first inquire about the purpose this presumption will be used for. The preceding statute mandates that, at the consumer's option, the manufacturer must replace the motor vehicle with a new one if the dealer is unable to repair any defect after a reasonable number of repair attempts. The purpose of defining this latter phrase, then, is to limit the number of chances the dealer has to repair a vehicle before incurring the obligation of replacing it.
Each of the four instances cited in R.C. 1345.72 limits those opportunities. Section (A), for example, specifies "three or more times" for the same nonconformity that continues. Section (C) specifies "eight or more attempts to repair any nonconformity" that substantially impairs the vehicle. Section (D) addresses "one attempt" where the nonconformity results in a condition likely to cause death or serious bodily injury. All three sections set a limit on how much the consumer must wait to allow repairs before triggering the obligation to replace the vehicle.
Section (B) is also setting a limit when it states: "The vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days." This statute provides, first, the presumption that the dealer has thirty days in which to repair the vehicle. The statute also provides, as the trial court correctly observed, the presumption of recovery that after thirty days the consumer may choose to have the dealer replace the vehicle.
This presumption, as the majority observes, also has further conditions: the defect or condition that was not repaired must substantially impair the use, safety, or value of the motor vehicle. The majority, however, would not require that this defect be corrected in thirty days. The majority would interpret the phrase "or more" in R.C. 1345.73(B) to extend indefinitely the opportunity of the dealer to correct a defect. Such an interpretation renders Section (B) meaningless. If the intent of a statute is to define limits, then it is an absurdity to interpret it to remove all limits.
The majority is understandably reluctant to enforce what is admittedly a tough law. Here the dealer was unable to procure parts from the manufacturer within thirty days, and in fifty-six days completely repaired the car. The purpose of this statute, however, is obviously to place dealers on notice that there are limits to how long a consumer must wait. And perhaps dealers should not sell cars to consumers when they know replacement parts are not available.